UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED AUG 3 0 2005

GREATER NEW YORK NURSING
HOME DIVISION OF THE 1199/SEIU
GREATER NEW YORK BENEFIT
FUND, *et al.*,

    Plaintiffs,

v.

FOREST VIEW CARE CENTER,

    Defendant.

Civ. No. 04-1600 (GEB)

**MEMORANDUM OPINION**

### BROWN, District Judge

This matter comes before the Court upon a motion for default judgment by plaintiffs Greater New York Nursing Home Division of the 1199/SEIU Greater New York Benefit Fund and 1115 Legal Services and Benefit Fund (collectively referred to as "the Funds"). The Court, having considered the Funds' submissions and decided the unopposed motion without oral argument pursuant to FED. R. CIV. P. 78, and for the reasons set forth in this Memorandum Opinion, will grant the motion for default judgment.

### I. BACKGROUND

Under the terms of a collective bargaining agreement, defendant Forest View Care Center ("Defendant") was required to make contributions to various employee benefit plans pursuant to the Employer Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* (2005). Complaint ("Compl.") ¶ 6. From January 1, 2002 through October 31, 2003, Defendant failed to deposit these monthly payments into the benefit plans. Compl. ¶ 8. On November 5, 2003, the

1

parties entered into a written contract ("the contract") that extended the time for Defendant to contribute to the Funds. Id. The contract set forth a payment plan to obviate the debt, but stipulated that failure to make any payment would result in a default if not cured within ten days. Compl. ¶¶ 9-11. Defendant also agreed that the contract constituted a Confession of Judgment that could be used to enter and execute judgment against Defendant. Compl. ¶ 12.

In or about December 2003, Defendant stopped making the monthly payments. Compl. ¶ 13. Despite notification by the Funds, Defendant failed to cure the problem within ten days, as stipulated by the contract. Compl. ¶ 14. On April 5, 2004, the Funds instituted the instant ERISA action in order to collect not only the entire unpaid debt, but also attorneys' fees, interest, and costs. The Funds also requested an order enjoining Defendant from breaching its obligations under both the contract and the collective bargaining agreement still in effect.

The Funds served the summons and complaint on Wayne Greenberg, Defendant's managing agent, on February 16, 2005. See Decl. of Julie Schatz, Exhs. A, B. Although required to file a responsive pleading within twenty days of service, see FED. R. CIV. P. 12(a)(1)(A) (2005), Defendant did not file an answer or otherwise make an appearance. Therefore, the Clerk of this Court entered a default against Defendant on May 5, 2005. See FED. R. CIV. P. 55(a). On July 1, 2005, the Funds moved for a judgment by default pursuant to FED. R. CIV. P. 55(b). Defendant has filed no responsive papers.

## II.   DISCUSSION

The authority to enter a default judgment is within the discretion of the trial court. See Poulis v. State Farm and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984); Trio Dying & Finishing Co. v. Mimarc Indus., No. CIV.A.95-4129, 1995 WL 612914, at *1 (E.D. Pa. Oct. 12, 1995). "The

court must be satisfied that the non-moving party has received notice of the motion and that the judgment and remedies applied for are justified by the pleadings and other information of record." D.B. v. Bloom, 896 F. Supp. 166, 170 (D.N.J. 1995) (citation omitted). Therefore, the record must show that the Funds served the motion on Defendant and that a valid breach of contract claim exists.

Here, the Funds properly served the motion for default judgment on Defendant, as evidenced by the papers submitted in support of the motion. See Civil Docket No. 04-1600, entry [8]. The Court also finds sufficient evidence in the original complaint, and in the declaration in support of the pending motion, to justify the Funds' entitlement to compensation for Defendant's breach of both the collective bargaining agreement and the contract. See 29 U.S.C. § 1145 (2005) ("Every Employer who is obligated to make contributions to a multiemployer plan . . . under the terms of a collective bargaining agreement shall . . . make such contributions in accordance with . . . such agreement."); see also Fields v. Thompson Printing Co., 363 F.3d 259, 273 (3d Cir. 2004) (finding employee was entitled to compensation after employer breached ERISA obligations). Here, Defendant has admitted its failure to follow the collective bargaining agreement. See Decl. of Julie Schatz, Exh. D. Subsequently, the Funds granted Defendant an extension of time to repay the debt. Defendant has failed to adhere to the terms of the contract and has still not repaid the debt.[1] Therefore, the Funds have demonstrated that Defendant has breached the contract and the Court will enter default judgment.

The Court must also determine the amount and scope of damages to be awarded. Rule

---

[1] Because Defendant failed to file a responsive pleading, this Court must accept the averments as true. See FED. R. CIV. P. 8(d) ("Averments in a pleading to which a responsive pleading is required . . . are admitted when not denied in the responsive pleading.").

54(c) provides that "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." FED. R. CIV. P. 54(c). Here, the Funds request the following monetary relief as compensation for Defendant's failure to comply with the agreements: the total amount due under the contract ($146,425.76); an additional sum for attorneys' fees, stipulated in the contract as eight per cent of the total amount due ($17,126.38), see Decl. of Julie Schatz, Exh. D, ¶ 7; interest at the statutory rate of twenty per cent ($29,652.92); and costs and disbursements ($150). The Funds have offered a substantiated, reasonable calculation of liquidated damages, to which Defendant offers no objection. Therefore, this Court will enter judgment in favor of the Funds and against Defendant in the amount of $193,355.06. See 10A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. 3D § 2688 (3d ed. 1998 & Supp. 2005) ("If Defendant does not contest the amount prayed for in the complaint and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without further hearing.").

The Funds also move this Court for an order enjoining Defendant from breaching its obligations under the contract and the collective bargaining agreement and requiring Defendant to perform all obligations in the future. Congress has explicitly permitted civil actions to enjoin acts or practices violative of ERISA, or to obtain other equitable relief. See 29 U.S.C. § 1132(a)(3). However, the Funds have offered no case law establishing that a permanent injunction is necessary or appropriate in this case. A permanent injunction is an "extraordinary remedy" to be granted sparingly. 42 AM. JUR. 2D Injunctions § 10 (2004). Although Defendant has agreed not to oppose the civil action and this motion for default judgment because of the

possible imposition of additional liquidated damages, see Decl. of Julie Schatz, Exh. D, ¶ 8, the Funds have not alleged that Defendant refuses to make the required contributions in the future. Therefore, this Court will not grant a permanent injunction at this time. If Defendant further disregards its statutory obligation, the Funds may then seek to reopen the matter and this Court will grant such relief as may be necessary. See Central Pennsylvania Teamsters Pension Fund v. W & L Sales, Inc., 778 F. Supp. 820, 832 (E.D. Pa. 1991).

### III. CONCLUSION

For the foregoing reasons, the Funds' motion for default judgment is granted. In addition, the Funds' request for a permanent injunction is denied. An appropriate Order accompanies this Memorandum Opinion.

GARRETT E. BROWN, JR., U.S.D.J.